**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PATRICK E. CLEMENT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN,[1] )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br><br>No. 12-4165-JWL |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the failure of the "determination or decision" below to provide "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record," which is "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

treating source's medical opinion and the reasons for that weight," Soc. Sec. Ruling (SSR) 96-2p, West's Soc. Sec. Reporting Serv., Rulings 115 (Supp. 2013), the court ORDERS that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

I.     **Background**

Plaintiff applied for SSD and SSI, alleging disability beginning January 1, 2004. (R. 15, 136-46). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He claims that the Appeals Council erred in denying review of the Administrative Law Judge's (ALJ) decision, because the Council did not weigh the treating source medical opinion of Dr. Punswick in accordance with the controlling legal standard as explained in Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003). Plaintiff also claims that the ALJ erred both in evaluating Listing 1.04A at step three of the Commissioner's five-step sequential evaluation process and in propounding an erroneous hypothetical question to the vocational expert.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the

correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The Commissioner acknowledges that since the Appeals Council considered the evidence  presented for the first time after the ALJ's decision, and made it a part of the administrative record, then that evidence (Dr. Punswick's treating source opinion) must also be considered by the court upon judicial review of the ALJ's decision.  (Comm'r Br. 9) (citing Chambers v. Barnhart, 389 F.3d 1139, 112 (10th Cir. 2004)).  She argues, however, that even when the court considers that evidence, it must find that substantial

record evidence supports the ALJ's finding that Plaintiff's condition does not meet or medically equal Listing 1.04A. Id. at 9-15. The Commissioner also argues that the hypothetical question presented to the vocational expert is not erroneous, both because the ALJ properly considered Listing 1.04A and found that it was not met or medically equaled, and because the hypothetical question properly included all of the limitations assessed in Plaintiff's RFC. Id. at 15-16. The Commissioner's arguments miss the point of Plaintiff's first argument--that remand is necessary because Dr. Punswick's treating source opinion has not been weighed in accordance with the correct legal standard. The court agrees with Plaintiff that remand is necessary because the correct legal standard was not applied to consideration of Dr. Punswick's treating source medical opinion.

The essence of Dr. Punswick's opinion is that Plaintiff's condition medically equals Listing 1.04A. Because Dr. Punswick's opinion has not been weighed in accordance with the correct legal standard, the Commissioner's argument (that substantial record evidence requires a finding that Listing 1.04A is not medically equaled) is premature, and resolution of that issue would require the court to weigh Dr. Punswick's opinion in the first instance to determine if it is worthy of controlling weight and, if not, to determine the weight of which it is worthy. The court is precluded from weighing medical opinions in the first instance. Therefore, the court may not consider the remaining issues raised in the parties' briefs because weighing Dr. Punswick's opinion is a condition precedent to deciding the other issues. Plaintiff may make his arguments in regard thereto to the Commissioner on remand.

5

## II. The Appeals Council Determination Is Not Reviewable in This Case

In its "Notice of Appeals Council Action," the Appeals Council considered Plaintiff's request for review of the ALJ's decision, "found no reason under [its] rules to review the Administrative Law Judge's decision," and denied Plaintiff's request for review. (R. 7). Plaintiff claims "the Appeals Council erred by denying review" of the ALJ's decision below. (Pl. Br. 21). The "Notice of Appeals Council Action," however, is not the final decision of the Commissioner, and the Council's determination to deny review is not subject to the court's review.

In 2000, the Supreme Court explained how a question regarding the "final decision of the Commissioner" is determined in accordance with the Act and the regulations promulgated thereunder.

> The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g). But the Act does not define "final decision," instead leaving it to the SSA to give meaning to that term through regulations. See § 405(a); Weinberger v. Salfi, 422 U.S. 749, 766, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975). SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as [was the case in Sims], the Council denies the request for review, the ALJ's opinion becomes the final decision. See 20 CFR §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999).

Sims v. Apfel, 530 U.S. 103, 106-07 (2000). Here, as in Sims, the Appeals Council denied review, and the ALJ's decision is the "final decision" for the court's review.

That fact, however, does not mean that the Commissioner's evaluation of new, material, and chronologically relevant evidence presented for the first time to the Appeals Council is not subject to judicial review. Where the Appeals Council accepts new evidence and makes it a part of the administrative record, the court interprets those facts "as an implicit determination [plaintiff] had submitted qualifying new evidence for consideration." Martinez v. Barnhart, 444 F.3d 1201, 1207 (10th Cir. 2006). Even if an ALJ did not have the benefit of that evidence, when it is made a part of the administrative record by the Council, a reviewing court must consider it to determine whether substantial record evidence supports the decision. See O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994) (holding that "new evidence becomes part of the administrative record to be considered when evaluating the [Commissioner]'s decision for substantial evidence"); Chambers, 389 F.3d at 1142 (same). It is the court's task to determine whether the new evidence upsets the ALJ's decision. Martinez v. Astrue, 389 Fed. Appx. 866, 869 (10th Cir. 2010). Thus, the court's task is not to determine whether the Appeals Council erred in its "Notice of Appeals Council Action" but to determine whether the Commissioner's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax, 489 F.3d at 1084; accord, White, 287 F.3d at 905. That is what it now proceeds to do.

## III. Evaluation of the Treating Source Medical Opinion

In his argument regarding error in the Appeals Council's denial of review, Plaintiff argues that his treating physician, Dr. Punswick, provided a form for the first time to the

Appeals Council in which he opined that Plaintiff's condition is medically equivalent to the severity of Listing 1.04A. Id. at 18-19. He acknowledges that the Appeals Council made Dr. Punswick's opinion a part of the administrative record and stated that it had considered that additional evidence. Id. at 20. But, he argues that the Council's finding that the evidence "does not provide a basis for changing the Administrative Law Judge's decision" is conclusory, id. (quoting R. 7-8), and that this case should be remanded because the Council did not properly weigh the treating source medical opinion in accordance with the correct legal standard. Id. at 20-22 (citing Watkins, 350 F.3d at 1300-01; and Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987)).

The Commissioner argues that even considering the evidence presented for the first time to the Appeals Council, the court must find that substantial record evidence supports the ALJ's finding that Plaintiff's condition does not meet or medically equal Listing 1.04A. Id. at 9-15. Therefore, her brief addresses Plaintiff's argument that the ALJ erred in evaluating Listing 1.04A at step three of the Commissioner's sequential evaluation process, but does not specifically address the argument that the Commissioner failed to apply the correct legal standard in evaluating Dr. Punswick's opinion.

Plaintiff argues that although the Appeals Council said it considered Dr. Punswick's opinion, it made a conclusory finding that the opinion would not provide a basis to change the ALJ's decision, and did not explain whether the opinion was worthy of controlling weight, or explain the weight accorded to the opinion pursuant to the regulatory factors for weighing medical opinions. Therefore, he "request[s] that this case

be remanded for consideration of the entire record . . . and particularly the medical opinion of Dr. Punswick." (Pl. Br. 22). Although Plaintiff's brief attributes the alleged error to the Appeals Council, the court's duty is to determine whether the final decision-- the decision of the ALJ--when viewed in light of all of the record evidence, reveals that the correct legal standard was applied and whether substantial record evidence supports the Commissioner's final decision.

As Plaintiff's brief states, the court in <u>Watkins</u> explained the correct standard for reviewing a treating source medical opinion:

> Under the regulations, the agency rulings, and our case law, an ALJ must "give good reasons in [the] notice of determination or decision" for the weight assigned to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2); <u>see also</u> Social Security Ruling 96–2p, 1996 WL 374188, at *5; <u>Doyal v. Barnhart</u>, 331 F.3d 758, 762 (10th Cir. 2003). Further, the notice of determination or decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96–2p, 1996 WL 374188, at *5.

<u>Watkins</u>, 350 F.3d at 1300. The <u>Watkins</u> court went on to explain that if the ALJ rejects a treating source medical opinion completely he must "give specific, legitimate reasons for doing so." <u>Id.</u> 350 F.3d at 1300 (citations and quotations omitted).

Here, as Plaintiff's brief suggests, there is nothing in the ALJ's decision providing any reason for the weight assigned to Dr. Punswick's opinion. And, the decision does not make clear to reviewers such as this court what weight was given to that treating source medical opinion or the reasons for that weight. Moreover, this is not a case wherein the ALJ weighed some opinion or opinions of the treating source, explained the weight

9

accorded and the reasons for that weight, and thereafter the plaintiff provided additional opinions of that source or additional evidence relating to those opinions. The decision at issue contains citations to certain of Dr. Punswick's treatment records, but it does not contain evaluations regarding those records which reflect negatively on those records or on Dr. Punswick, and, it does not even mention Dr. Punswick's name. Thus, the Commissioner found that Plaintiff's condition does not meet or equal the severity of Listing 1.04A, and in effect accorded no weight to Dr. Punswick's opinion that Plaintiff's condition medically equals that Listing--all without specifically stating that she accorded no weight to the opinion, without providing any basis for that determination, and without providing specific, legitimate reasons for rejecting the opinion.

It is true that the record before the ALJ did not contain the opinion of Dr. Punswick presented for the first time to the Appeals Council and, in fact, did not contain any opinion by Dr. Punswick regarding Plaintiff's limitations or restrictions. Thus, one would not anticipate that the ALJ's decision would address Dr. Punswick's opinion. However, SSR 96-2p, quoted by the court in <u>Watkins</u> explains that "[p]aragraph (d)(2)[2] of 20 CFR 404.1527 and 416.927 requires that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s)." West's Soc. Sec. Reporting Serv., Rulings 114 (Supp. 2013). It also

---

[2]Paragraph (d)(2) of 20 C.F.R. 404.1527 and 416.927 were renumbered as paragraph (c)(2) in a revision effective February 23, 2012. 77 Fed. Reg. 10651, at 10656, 10657.

requires the explanation to be "sufficiently specific to make clear to any subsequent reviewers" the weight accorded to the opinion, and the reason for that weight. West's Soc. Sec. Reporting Serv., Rulings 115 (Supp. 2013).

Despite the Appeals Council's finding that Dr. Punswick's opinion "does not provide a basis for changing the Administrative Law Judge's decision," the controlling legal standard requires more. Because Dr. Punswick's opinion is a treating source medical opinion, the ALJ is required to explain the weight accorded to the opinion and the reasons for that weight in his decision. The decision does not contain that explanation. Thus, contrary to the Appeals Council's rationale, the opinion specifically provides a basis for, and actually requires, a change to the ALJ's decision. Moreover, the decision did not apply the correct legal standard to evaluation of Dr. Punswick's opinion, and remand is necessary for application of the correct legal standard.

The court's decision does not require remand in every case where a claimant presents a treating source medical opinion for the first time to the Appeals Council along with a request for review. The court's experience shows that in most cases the treating source will have provided a medical opinion which was before the ALJ, and the ALJ will have explained the weight accorded that earlier opinion and the reasons for that weight. In such a case, the court need only to determine whether substantial evidence in the record as now constituted supports the ALJ's explanation. Moreover, the court notes cases in which the Appeals Council has denied review, but in the notice thereof has explained specific reasons for discounting the medical opinion evidence. E.g., Beauclair

v. Barnhart, 453 F. Supp. 2d 1259, 1272 (D. Kan. 2006); Smith v. Barnhart, No. 05-2496-JWL, 2006 WL 4045940 *1-2 (D. Kan. Nov. 13, 2006); Buscher v. Astrue, No. 08-4120-JAR, 2009 WL 2448802 *5 (D. Kan. Aug. 7, 2009). Had the Appeals Council followed that course in this case, the decision (or at least the record) would contain an explanation of the weight accorded Dr. Punswick's opinion and the reasons for that weight, and the court would be able to determine if that explanation was supported by record evidence.

Remand is necessary for the Commissioner to evaluate Dr. Punswick's opinion in the first instance and to explain the reasons for the weight given that opinion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 30th day of May 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**